No. 757.—POLANCO, recurrente, v. EL REGISTRADOR, recurrido.— ▮ Abril 30, 1929.

POR CUANTO, la inscripción de una escritura de venta otorgada por el márshal de la Corte de Distrito de Humacao fué denegada por el Registrador de Caguas:

" . . . . por observarse: 1º Que en el registro de la propiedad sólo consta inscrita la mitad del solar anotada preventivamente a favor de Antonio Garrido y Vicenta Farizo y en cuanto a la cuota usufructuaria a favor de la viuda María Puig; y la casa fué también anotada preventivamente a favor de la viuda y de Antonio Garrido y Vicenta Farizo. 2º Que habiéndo sido demandada la Sucesión de José Garrido Farizo compuesta según el documento por su viuda María Puig y John Doe y Richard Roe, como herederos desconocidos de José Garrido, no consta cuándo ni en qué forma fué emplazada la Sucesión de José Garrido, demandada, y en qué

personas para determinar si la corte actuó con jurisdicción ni cuándo ni a qué personas se les notificó la sentencia para determinar si en la fecha en que se celebró la subasta era firme la sentencia, pues figurando como demandados además la viuda María Puig, los herederos desconocidos de José Garrido, a quienes se figuró bajo los nombres de John Doe y Richard Roe, tanto el emplazamiento como la notificación de la sentencia debió hacerse por edictos y aunque es cierto que la comparecencia voluntaria de las partes corrige el defecto que pueda existir en el emplazamiento y ahora se ha acompañado una certificación del secretario de la corte de distrito de Humacao, en la que consta que comparecieron voluntariamente María Puig y Antonio Garrido y Vicenta Farizo como herederos de José Garrido y representados por sus respectivos abogados y además se ha presentado otra certificación sobre declaratoria de herederos de José Garrido en la cual consta que en 31 de agosto de 1928 el Hon. Gabriel Castejón, Juez de la Corte de Distrito de Humacao declaró como únicos y universales herederos de José Garrido a sus legítimos padres Antonio Garrido y Vicenta Farizo y su viuda María Puig en la cuota usufructuaria, es lo cierto que desde el comienzo del pleito que culminó en la venta de la finca descrita, la corte no podía considerar como únicos y universales herederos de José Garrido a las personas que comparecieron como demandados, porque habiendo fallecido José Garrido abintestato, no existía una declaratoria judicial de herederos y aunque posteriormente o sea en la fecha expresada antes fueron declarados como herederos de José Garrido y dicha declaratoria recayó en las mismas y únicas personas que comparecieron como demandadas, este hecho *a posteriori* no corrige el defecto en el procedimiento de no haber sido citados por edictos ni notificada la sentencia también por edictos a John Doe y Richard Roe como herederos desconocidos de José Garrido Farizo.''

Por cuanto, el recurrente está conforme con la primera

parte de la nota apelada, comprometiéndose a subsanar el defecto indicado; y

Por cuanto, las cuestiones suscitadas en el segundo apartado de dicha nota han sido resueltas por esta corte en los casos recientes números 757 y 752, *Antonio L. López* v. *El Registrador, ante* pag. 481 y *Juan Solá González* v. *El Registrador, ante* pag. 497:

Por tanto, se revoca la nota apelada del Registrador de la Propiedad de Caguas de fecha primero de febrero de 1929, en cuanto al apartado segundo de la misma, y se devuelve el caso para ulteriores procedimientos no inconsistentes con las opiniones en los casos citados.